By the Court.

This suit was originally commenced by the deceased D. Clark, in his life-time, to which his executors have since his death become parties; the action is founded on certain receipts for cotton, said to have been delivered at a gin in the Mississippi Territory, belonging to a certain company or partnership, of *358 which the appellee is the surviving partner and heir and executor to one of the other partners. The receipts were given in the usual form for that article, when taken in to be cleaned by owners of gins, and, by the laws of the Mississippi Territory, are negociable, and have been regularly transferred to the testator of the appellants by endorsement. On the trial of the cause in the District Court for the First District, from whence this appeal is taken, the plaintiffs in the Court below, who are here the appellants, offered as testimony the depositions of certain persons residing in the Mississippi Territory, to prove the hand-writing of those who had-signed the receipts, and also, two competent witnesses, to prove the same fact and the handwriting of the persons who have endorsed them. This testimony was objected to on the part of the counsel for the appellee, who was defendant in the District Court, because it is not in conformity with that part of our Civil Code which requires, in certain cases of instruments under private signature, that they should be verified by experts, or persons having skill to judge of handwriting ; which objection was sustained by the Judge of the Court below, and on an exception to the opinion of the Judge, in supporting said objection and refusing to receive and hear the testimony offered by the appellants, the case comes before this Court.
*359 The only circumstance, in the cause, which requires the attention and examination of the Court is to give such a reasonable, just and legal construction to the provisions of the Civil Code, relative to this kind of proof, as may prevent them from being mischievous in their operation on the administration of justice, and for this purpose several questions have been submitted to the consideration of the gentlemen of the bar, some of whom have been polite enough to favour us with their researches and opinions, on this subject of general importance ; and the matter is now before us after learned and able discussion.
The first question to be decided is whether,, of no, the rule of evidence laid down in the Civil Code for the verification of acts under private signature, is general in its operation, and shall extend to all - kinds of private contracts in writing made between citizens of every profession and pursuit in life, so that this mode of proof must in all cases, when-the party formally disavows his signature, be re> sorted to,
2: Is the person, against whom an act under private signature may be produced, obliged formally to avow or disavow his signature, or is a general denial by a defendant or his counsel of all the allegations in the petition of a plaintiff, who commences a suit on such an instrument, sufficient to compel him to resort to proof by experts ?
*360 3 Wa e n a contract is made out of the iuris- .... - - ■ dictional limits of the state, are the laws and customs of the state or territory where, it is made to govern, as to the kind of proof which may be admitted, if sued on in this state ?
. L As to the first question, the Court is of opinion that every rule of evidence must be general in its operation on every description of citizens, unless exceptions are made by positive law ; and that from the manner in which this rule is laid down, in 'the Civil Code, it is imperative ; and in all cases where the disavowal is made, with sufficient formality, the mode of proof by experts, or men skilled to judge of hand-writing, must be resorted to in the first instance ; but that the party offering this kind of testimony is not thereby precluded from producing any other legal evidence, which may be in his power, either in aid of, of to contradict the report of the experts.
II. In relation to the second question, it is the opinion of the Court, that the person, against whom an action is brought on an act under private signature, must, before the plaintiff can be compelled to resort to proof by experts, formally and solemnly disavow his signature in writing, signed by himself with his own proper handwriting. This we think the safest construction to give to the word formally : for, unless the dis *361 avowal is made in this way,, it Cannot be considered J \ . the formal act of the party ; and the sense and spirit as well as the letter of the law will not-be complied with. In the course of the argument, it was insisted on that this denial ought to be on oath : the Code does not positively require that it should, and we-think that judicial oaths ought not be multiplied, without absolute necessity. From what has been said on this question it will' result, that they plaintiff, when this formal denial is not made by the defendant, may, without the necessity of resorting in the firs]t instance to prove his claim by experts, produce any other legal testimony, which may be in his power to give in the cause. The same rule ought to prevail in cases when the heirs, or assigns, do not declare that they are unacquainted with the signature of the person they represent,
III. In treating of the third and last question, it is proper to observe, that we tflieve it to be admitted as a principle, in all tribunals, that the lex loci, or law of the country where the contract is made ought to govern in si;its commenced in any other country on such contracts; and it does appear by a law of the P artidas that this principle extends even to the proof of the contract, expressed in general ternas, which might perhaps be applied to the mode of proving facts, as well as to the amount of evidence pecessary to their *362 But. it is unnecessary t® determíne", this point absolutely,,⅛ the present ease, because there is sufficiently found in ihe determination©!'the first and second questions, on. which to decide against the tipias,®» of the J,udge of the District Court.
Itr does not appear,that the receipts offered i» ewdeacem the suit were signed by ifeeparty against" whom the action is brought 5 but that he is sued ia a double kind of «capacity, both as surviving partner ©f a company which carried on the fessi-©ess *®f cleaning or gmiag cotton, in the Missis- . sippi Terrkory, and as heir' and executor -of one of &e partners, the tete CJeo. Cochran. This .creates some ■'confosion in the case, and is perhaps set wery regatan As surviving partner, if fee'signed the receipts, lie oaghtibnaalhr to have avowed or <£s~ ¡avowed his signature» this he has not done, Iffie «Sid »©t sign them, he wasmgt hound to make ⅛⅛ formal avowal .or disavowal, and in «Aerease any legal ©viflenbe which has been usually admitted in similar cases fey the tribunals of the country ©ogfe: ■ fe have been adtui&ed indas, without compelhng the appellants to resort in the first instance to áte. ,proof bycemparison uf hand-writing.
fe considered as heir and executor, ne ought to fave «declared. that fee does not know the hand-writ-iag or signature of him, whom he represeats. M being tsar spinksa £ha£ the I afce of the Distort *363 Court has erred, in rejecting ⅛⅛ other testimony offered by the appellants in the course of the trial before him and requiring absolutely tire proof by com¡>arison of hand-writing, the judgment there rendered must be reversed.
It is, "therefore, ordered and decreed that the same be reversed and annulled and that the cause be remanded to the District Court, there to be again tried, with instructions to the Judge to admit all-legal testimony, ahd such as has been usually admitted in the tribunal of this country, without compelling the appellants to resort to proof by comparison of hand-writing, as prescribed by tire Civil Code.